[Civil No. 2570. Filed April 11, 1927.]

[254 Pac. 1065.]

IRA WALKER and W. PAAR, Copartners, Doing
Business in Yavapai County, Arizona, Under the
Firm Name and Style of WALKER & PAAR,
and IRA WALKER and W. PAAR, Personally,
Appellants, v. NATIONAL MOHAIR GROWERS
ASSOCIATION, a Corporation, Appellee.

Mr. R. B. Westervelt and Mr. John A. Ellis, for
Appellants.

Mr. J. E. Morrison, for Appellee.

ROSS, C. J. — In April, 1920, Ira Walker and W. Paar, doing business as partners, shipped and consigned from Kirkland, Yavapai county, Arizona, for disposition and sale, 13,546 pounds of mohair, to the National Mohair Growers Association, at Boston, Massachusetts. The consignment arrived at Boston on June 15, 1920. The association thereafter, from time to time, made advances and expenditures to and in behalf of the consignors, which, together with interest charges, amounted to the sum of $5,241.74, itemized as follows:

| | | |
|---|---:|---:|
| Freight | $ 342 | 72 |
| Cartage | 6 | 45 |
| Grading | 184 | 60 |
| Draft | 4,062 | 00 |
| Advances | 406 | 38 |
| Selling charges | 35 | 52 |
| Interest on draft | 204 | 07 |
| | $5,241 | 74 |

The association realized from the sale of mohair the sum of $3,551.97, and this suit was instituted by the association to recover the difference between advances made and sale price, or the sum of $1,689.77.

In their answer and cross-complaint the defendants allege that they instructed the plaintiff to sell the mohair in the original bags upon arrival in Boston, and that plaintiff promised to do so; that, instead of following instructions and observing its promise, plaintiff, after the arrival of the mohair, graded and combed it and sold it in its graded state at various dates, from October 23, 1920, to January 25, 1921. It is alleged that the market price of the mohair immediately subsequent to its arrival in Boston was fifty cents per pound, in original bags, ungraded and that if plaintiff had performed the agreement made and entered into, and sold the mohair on its arrival and in the original bags, the 13,546 pounds would

have realized $6,773. Defendants therefore claimed that, since the item of $184.60 for grading was expended without authority and against instructions, they should not be charged therewith. Likewise, that they were entitled to recover for mohair at the rate of fifty cents per pound, that being, as they allege, the market value, in original bags, immediately after its arrival in Boston.

On the trial plaintiff's contention was that the mohair was consigned to it to sell, without any specific instructions, and that plaintiff handled it in accordance with the ordinary course or custom of the trade, which was to grade and comb the mohair, and that the mohair was sold for the best obtainable price in the market at the time it was sold.

On the right to grade mohair and on the question of instructions to sell in original bags upon arrival at Boston, the evidence was conflicting, and the jury, after receiving instructions of the court as to the law, resolved the controversy against the contention of the defendants and in favor of the plaintiff. The verdict was for the full amount sued for, and judgment was entered in accordance therewith. The defendants have appealed.

It is the instructions, or, rather, two excerpts therefrom, of which complaint is made. The court fully, plainly and clearly told the jury what the issues and contentions between plaintiff and defendants were, as contained in the pleadings, and as they arose in the course of the trial. This was done with more than ordinary clarity. In their counterclaim defendants fixed their damages on the basis of fifty cents per pound for the mohair; and it is now said that the instructions, or the part thereof assigned as erroneous, were prejudicial in that they precluded the jury from finding in defendants' favor, or in reducing plaintiff's claim, even though the evidence showed plaintiff could not have sold the mohair in

original bags, on arrival, for fifty cents a pound, but could have sold it for more than they did sell it.

If the jury had found the contract of consignment as contended for by defendants, there might be something in their contention. The general finding of the jury being that the mohair was shipped to the plaintiff without any specific instructions, it would follow that the plaintiff was under no legal obligation to sell the mohair upon its arrival, but might hold it, exercising its discretion in that regard, with the hope of a better price, in which event, in the absence of fraud or bad faith, it would not be liable for any loss that might occur.

It was admitted, however, on the argument before this court that the instructions were drafted at a joint consultation of counsel for plaintiff and defendants and the trial judge, and that the same were largely, if not entirely, dictated by learned counsel for the defendants. This, we think, in itself enough to estop the defendants from claiming error, even though the instructions were erroneous.

But, as before indicated, it seems to have been assumed from the pleadings and upon the trial that defendants' right to recover more for the mohair than was received by plaintiff depended upon their ability to establish a breach by plaintiff of the contract of consignment. Failing in that, no fraud or bad faith being alleged, or proved in making the sale of the mohair, it will be presumed that the sale was fairly made and for the best price available at the time.

The contest was over the $184.60 grading charge and whether the mohair should have been sold on its arrival in original bags, and the instructions submitting these two questions were clear, fair and unobjectionable. When the jury found on these disputed questions in favor of the plaintiff, it became

immaterial whether more or less could have been realized had the mohair been sold in original bags on its arrival.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.